UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RAELENE N. BROWN,            )
                             )
    Plaintiff                )
                             )
v.                           )    No. 2:13-cv-333-NT
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security, )
                             )
    Defendant                )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge wrongly weighed the opinions of her primary care provider, failed to address another medical source's opinion, failed to comply with Social Security Ruling 12-2p, and was required to find her disabled by applying Rule 201.14 in Appendix 2 to 20 C.F.R. Part 404, Subpart P. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from osteoarthritis of the thumbs, fibromyalgia, diabetes mellitus, and obesity, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

impairment listed in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 16-18; that she retained the residual functional capacity ("RFC") for light work except that she could occasionally climb ramps and stairs but never ladders, ropes, or scaffolds, she could occasionally balance, stoop, kneel, crouch, and crawl, could perform no constant handling, and must avoid exposure to cold, vibration, and hazards of unprotected heights and moving machinery, Finding 5, *id.* at 19; that she was capable of performing her past relevant work, Finding 6, *id.* at 22; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from April 15, 2010, the amended alleged date of onset of disability, through the date of the decision, March 20, 2012, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

At Step 4 of the sequential evaluation process, the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen*, 482 U.S. at 146 n.5. At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); SSR 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Treating Physician

The plaintiff first contends that the administrative law judge should have given more weight to the opinions of her primary care provider. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 15) at 4-7. She sets out consistencies between the limitations assigned to her by Mark Worthing, M.D., her primary care physician, and those of Dr. Lee Kendall, who was treating her for fibromyalgia, as well as the entries in Dr. Kendall's notes that she perceives as filling the void in Dr. Worthing's notes identified by the administrative law judge, and concludes that the administrative law judge was, as a result, required to give more weight than she did to Dr. Worthing's opinions.

Dr. Worthing's opinions are set forth on a form, titled "Treating Source Statement—RFC," prepared by the office of the plaintiff's attorney. Record at 388-92. Dr. Worthing restricts the plaintiff to eight hours of work per week in two-hour shifts. *Id.* at 389.

The administrative law judge said of Dr. Worthing's assigned limitations, as checked on the form, that

> [l]ittle weight has been accorded a February 2012 residual functional capacity (RFC) form submitted by Dr. Worthing. Although he is a long-term treating provider, his assessment is not supported by the accompanying clinical record. For instance, he opined, in part, that because of the claimant's impairments, she could rarely lift as much as 10 pounds; could not sit or stand for more than 15 to 30 minutes; she could not bend or reach; could not work more than 2 hours at a time or 8 hours per week; she would need frequent, unscheduled breaks and would be absent at least 4 days per month due to her symptoms (Ex. 16F).
>
> By contrast, data from Dr. Worthing show that he saw the claimant for an annual visit in December 2009, where no mention was made of a physical examination or any restrictive parameters. At the next office visit over a year later (January 2011), Dr. Worthing cited no physical issues upon examination, but merely reiterated the claimant's subjective report that she had stopped working due to fibromyalgia. Interestingly, it was also

> reported, "She is actively losing weight now that she's not working, she is eating better and she is more active with projects around the house" (Exs. 1F, 11F).
>
> Since laboratory tests found diabetes in early 2011, Dr. Worthing has seen the claimant 4 times: in March, April, May and September. Again, these treatment records are not supportive of the stringent parameters that the doctor put forth in his RFC. The claimant completed nutritional counseling and began medication, diet and exercise. She was reported as "pain free" in March; her weight was down 3 pounds in April and she was "doing very well" in May. At her last examination in September 2011, Dr. Worthing said she was extremely well with regard to diabetes, having lost 57 pounds and her "health generally is doing fine, no other complications." There is no objective report of musculoskeletal or myofascial pain whatsoever in these records (Exs. 11F, 12F, 13F).

Record at 21-22.

The plaintiff focuses only on the December 2009 entry, which, as the administrative law judge noted, does not mention any "restrictive parameters." *Id*. at 245-46. Even if the plaintiff were correct in arguing that this absence in Dr. Worthing's notes is remedied by the notes of Dr. Kendall, there remain more than enough reasons stated and record evidence cited to provide substantial support for the administrative law judge's conclusions. The administrative law judge reviewed Dr. Kendall's records, and cited entries that "regularly" record "normal gait and strength, a good range of motion, no arm weakness, no joint synovitis and no edema. The record also shows the claimant declined offers of trigger point injections until December 2011 (in the right trapezius muscle), and that she was walking on a regular basis as part of a successful weight-loss program (Exs. 8F, 9F, 15F)." *Id*. at 21.

These observations provide additional support for the administrative law judge's conclusions. The plaintiff lists entries in Dr. Kendall's records that could be interpreted to support the greater restrictions listed by Dr. Worthing, but that is not the test to be applied in this appeal. The question is not whether there is evidence in the record to support a different RFC; rather, the

test is whether there is substantial evidence in the record to support the RFC assigned by the administrative law judge. In this case, there is substantial evidence.[2]

### B. Weight Given to Other Physicians' Reports

#### 1. Dr. Kendall

The plaintiff next challenges the administrative law judge's asserted failure to "discuss or evaluate Dr. Kendall's treating source opinions or the weight to be given to those opinions." Itemized Statement at 7. She finds his opinions in Dr. Kendall's contribution to her application for a disability placard for an automobile. *Id*. Above his signature on that one-page document, Dr. Kendall checked the box next to the entry "Is severely limited in their ability to walk due to an arthritic, neurological, or orthopedic condition." Record at 337.

The plaintiff asserts that the failure of the administrative law judge to address this check mark on her application for a parking placard "is more than harmless error" because the administrative law judge has neither given reasons for rejecting this opinion nor "include[d] the restrictions Dr. Kendall gives into her RFC[.]" Itemized Statement at 8. It is true that the RFC assigned to the plaintiff by the administrative law judge includes no restrictions on walking *per se*. However, the administrative law judge found that the plaintiff could return to her past relevant work as an optometric assistant, a job that the vocational expert testified was sedentary. Record at 61. Sedentary work is defined as one which "involves sitting [although] a certain amount of walking and standing is often necessary[.]" 20 C.F.R. § 404.1567(a).

---

[2] In a footnote, the plaintiff argues that "Dr. Worthing's assessment is generally not in conflict with the assessment of consultative examiner Renato Medrano, MD, an opinion that the ALJ discussed favorably[,]" because Dr. Medrano "wrote, in part, that Ms. Brown 'can do work-related activities such as sitting, standing, lifting, carrying, bending, handling objects, hearing, speaking, and traveling[,]'" but did not "say that he believes the Plaintiff can perform any of these activities with no limits." Itemized Statement at 5 n.1. The plaintiff offers no support for her suggestion that an examining physician's finding that a claimant can perform certain activities must be disregarded unless the physician adds the words "with no limits."

The Dictionary of Occupational Titles defines sedentary work as involving "sitting most of the time, but may involve walking or standing for brief periods of time." Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) § 079-364.014 (Optometric Assistant). Without an explanation of what Dr. Kendall understands to be "severely limited in the ability to walk," the court cannot assume, as the plaintiff does, that Dr. Kendall's checking of this box on a form not designed for use in the context of Social Security equates to a finding by Dr. Kendall that the plaintiff could not perform work that involved "sitting most of the time."[3]

Accordingly, the administrative law judge's failure to address this opinion of Dr. Kendall, particularly in light of the unrelated context in which it was expressed, is harmless error.[4]

### 2. State-Agency Reviewing Physicians

The plaintiff's next argument is directed at the opinions of the two non-examining state-agency physicians who reviewed the record. Itemized Statement at 8-9. She contends that the administrative law judge committed reversible error in giving "considerable weight," Record at 21, to these opinions, because one, Dr. Trumbull, did not have Dr. Kendall's treatment records dated after January 25, 2011, and the other, Dr. McCormack, did not have Dr. Kendall's records dated after December 9, 2010, or the plaintiff's application for a parking placard. *Id*. at 8.

The plaintiff's contention that the administrative law judge was prohibited from giving substantial weight to these opinions, merely because they predated some of the medical evidence

---

[3] At oral argument, the plaintiff's attorney contended that, because the phrase "severely limited" is ambiguous on its face—on a form created by the Maine Bureau of Motor Vehicles—the administrative law judge was required to contact Dr. Kendall directly in order to clarify this point, and that the failure to do so constituted reversible error. This argument was not raised in the plaintiff's statement of errors and, therefore, has been waived.

[4] Also at oral argument, the plaintiff's attorney argued that any failure to expressly address an opinion of a treating specialist cannot be harmless error, because any other legal standard would allow administrative law judges to ignore the opinions of treating professionals. This argument paints with too broad a brush. The circumstances that render a particular error harmless are unique to each claim. Many Social Security cases have been remanded from this court on the basis of a failure to address the opinion of a treating physician. *See, e.g., Libby v. Astrue*, No. 2:10-cv-265-GZS, 2011 WL 2531152, at *3 (D. Me. June 24, 2011).

6

before the administrative law judge, *id*., is mistaken. This case is easily distinguishable from *Kittrick v. Astrue*, No. 09-265-B-W, 2010 1946321, at *3 (D. Me. May 12, 2010), the only authority cited by the plaintiff in support of her position. In that case, the state-agency physicians' reports predated the claimant's alleged date of onset of disability, as well as evidence of multiple surgeries. *Id*.

Here, the plaintiff has not even attempted to identify entries in the medical records that would have caused Drs. Trumbull and McCormack to change their opinions, a requirement in order for her to obtain remand on this basis. *See, e.g., Wood v. Astrue*, No. 1:10-cv-243-JAW, 2011 WL 1298460, at *2 (D. Me. Mar. 31, 2011) ("This court has held that the presence in the record of medical evidence not available to a state-agency physician-reviewer upon whose conclusions the administrative law judge relies may require remand, but only if the later evidence leads to an outcome different from that reached by the administrative law judge."); *Oliver v. Astrue*, No. 1:11-cv-390-GZS, 2012 WL 3023329, at *6 (D. Me. June 26, 2012) (plaintiff making identical argument must show that state-agency opinions would have been altered by more recent evidence, or that recent evidence reflects significant difference in claimant's condition).

### C. Analysis of Fibromyalgia

The plaintiff also contends that she is entitled to remand because the administrative law judge violated Social Security Ruling 12-2p by not addressing her testimony concerning nonexertional limitations caused by her fibromyalgia. Itemized Statement at 9. The Ruling does say, after addressing possible exertional limitations due to fibromyalgia, that "[p]eople with FM may also have nonexertional physical or mental limitations because of their pain or other symptoms." Social Security Ruling 12-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2014) at 467. It does not say, however, that an administrative law judge must

address a claimant's subjective testimony about such limitations, much less accept it, or face remand.[5]

Nor does the plaintiff cite any medical evidence supporting her testimony concerning nonexertional limitations caused by her fibromyalgia. At oral argument, her attorney was unable to supply any such citations. On the showing made, therefore, the plaintiff has not shown that any error by the administrative law judge in failing to specifically address each of the nonexertional limitations about which she testified was anything other than harmless.

### D. Use of the Grid

In a single paragraph, the plaintiff contends that she is entitled to remand because her physical limitations "limit her to at least sedentary duty work," and application of Rule 201.14 of Appendix 2 to 20 C.F.R. Part 404, Subpart ) (the "Grid") would have mandated a finding that she was disabled. Itemized Statement at 9-10. This argument cannot succeed for at least two reasons: first, the plaintiff has not established that the administrative law judge was required to accept the physical RFC assigned to her by Dr. Worthing and to reject the opinions of the state-agency physicians, the only means by which she could show that she should have been limited to "at least sedentary . . . work"; and, second, the administrative law judge's analysis stopped at Step 4 of the sequential evaluation process, with a finding that the plaintiff could return to her past relevant work. The Grid only applies at Step 5, after a claimant has been found unable to return to any past work. 20 C.F.R. § 404.1569.

The plaintiff takes nothing by this argument.

---

[5] The plaintiff adds, without citation to authority, that "[t]his is again an instance when a medical expert was required to evaluate medical evidence." Itemized Statement at 9. The plaintiff's own testimony is not medical evidence. Further, as this court has held repeatedly, the decision to call a medical expert to testify at hearing is within the discretion of the commissioner. The plaintiff offers no contrary authority specific to the situation presented here.

8

### E. Incomplete RFC

The plaintiff's final argument is an assertion that the administrative law judge's conclusion at Step 4 of the sequential evaluation process is not supported by substantial evidence because the administrative law judge "relied on an improperly developed and incomplete RFC." Itemized Statement at 10. This is a superfluous argument that merely restates the plaintiff's earlier challenges to the administrative law judge's rejection of the severe limitations assigned to the plaintiff by Dr. Worthing and her alleged failure to add more nonexertional limitations to the plaintiff's RFC due to her fibromyalgia. If the plaintiff had been successful in those earlier challenges, this argument would add nothing to her appeal. If, as is the case, the plaintiff's earlier arguments are not successful, the asserted bases for this argument do not exist.

The plaintiff is not entitled to remand on this basis.

### II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 22nd day of October, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge